## Hoffman Estate

*John D. Dunmire,* for claimant DeLong.
*William P. Thorn,* for claimant Welker.

TREDINNICK, *J.,* March 6, 1980—Owen Hoffman (decedent) died on July 8, 1978. He left a will which has been probated; however, a gift of the residuary estate to his wife has lapsed because she pre-deceased him.[1] That portion of his estate will thus be subject to distribution under the intestate laws of the Commonwealth. Ruth H. DeLong (claimant-DeLong) asserts that she is entitled to inherit because she is the illegitimate child of Sidney S. Hoffman, a brother of decedent. The only other heir is Amy S. Welker, decedent's sister. She contends that claimant cannot legally inherit no matter what testimony might be presented on this point. Counsel have agreed that the issue is sufficiently important for the court to preliminarily decide whether claimant has legal standing to present her claim. In aid of that agreement, a stipulation of facts has been filed.

The stipulation reveals the following: As noted, Owen S. Hoffman died on July 8, 1978. He left to survive him neither a spouse, children, nor issue of

---

1. While this was initially thought to be an issue in the estate, the parties agree the gift *has* lapsed.

deceased children. He had two siblings, Amy S. Welker and Sidney S. Hoffman. It has previously been noted that Ms. Welker survived decedent. Sidney S. Hoffman, on the other hand, died on October 19, 1953. Sidney's wife, Mary, survived him, but died in September, 1972. Ruth H. DeLong was born on April 14, 1927, in Pottsville, Schuylkill County, Pa. Her certificate of birth reflects her father's name as "John Hoffman" and her mother's name as "Marion Mentch," and she was named Ruth Sidney Hoffman thereon. Marion Mentch still lives. She was a sister of Mary Hoffman, Sidney's wife. Shortly after Mrs. DeLong's birth, the Sidney Hoffmans took custody of her, and she lived with them from that time until her first marriage on March 10, 1946. During that entire period she was known as Ruth H. (Hope) Hoffman.

Under these circumstances, may Mrs. DeLong proceed to hearing, there to present evidence on the issue of her relationship to decedent through her putative father, or does the law of this Commonwealth bar her claim absolutely?

It is first necessary to review the status of the law in this respect over the recent past and at present.

Prior to April 26, 1977, there is little question that the statutory law of this Commonwealth controlled. That law provided that an illegitimate child could not inherit from or through his father.[2] On that date, however, the United States Supreme Court handed down Trimble v. Gordon, 430 U.S. 762, 52

---

2. Section 7(a), Intestate Act of April 24, 1947, P.L. 80, 20 P.S. §1.7, re-enacted as section 2107(a) of the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, sec. 2, effective July 1, 1972, 20 Pa.C.S.A. §2107(a) (hereinafter PEF Code).

L.Ed. 2d 31 (1977), holding similar[3] provisions of an Illinois statute unconstitutional as a violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution. In Trimble, an illegitimate child sought to inherit from the estate of a man who had been found to be her father in a support proceeding. The Illinois court barred the claim, finding the legislation constitutional. In reversing, the majority reviewed the state purposes for the legislation supposedly or conceivably involved, and found them wanting in reasonableness when measured against the total prohibition of the statute. It observed that Illinois had failed to consider a "middle ground" between a case by case resolution of claims by illegitimates, and a total prohibition of their rights to inherit from or through a father. The court stated, at p. 771 that: "For at least some significant categories of illegitimate children of intestate men, inheritence rights can be recognized without jeopardizing the orderly settlement of estates. . . ."

Shortly after Trimble, Pennsylvania legislation came under review in Browning Estate, 5 D. & C. 3d 772, 28 Fiduc. Rep. 1 (1977). The facts were essentially those of Trimble. An alleged illegitimate child claimed an intestate share of his father's estate. Decedent had in fact been found to be the child's father in a fornication and bastardy prosecution. Trimble was considered controlling, and section 2107(a) of the PEF Code was declared unconstitutional as to that claimant.

---

3. Actually, the Illinois statute was less restrictive than Pennsylvania's. The Illinois statute did not specifically prohibit an illegitimate from inheriting from his father—rather it altered common law by *allowing* such a child to inherit from and through the mother.

Thereafter, on November 26, 1978, the legislature amended section 2107 of the PEF Code by Act 303,[4] removing the bar against inheritance by illegitimates from or through the father and allowing such in three situations: (1) where parents have wed after the birth of the child; (2) where the father "openly holds out the child to be his and [either] receives the child into his home, or . . . provides support for the child"; and (3) "If there is clear and convincing evidence that the man was the father of the child. . . ." Section 5 of the amending legislation provided that the act was to be effective immediately and that: ". . . its provisions shall not apply to wills or conveyances executed prior to the effective date or to rights from and through a child's father if the father had died prior to the effective date of this act."

The initial question presented is whether Act 303 has any application to the present case. As will be recalled, Mrs. DeLong's putative father, Sidney S. Hoffman, died in 1953—long before the effective date of Act 303. Thus, by the express terms of the act itself, ". . . its provisions [do] not apply. . . ." To rule otherwise would be to impermissibly read into Act 303 a direction that no illegitimate child whose father died before the effective date of the act shall inherit from or through the father.[5] As to the clause

4. Act of November 26, 1978, P.L. 1269, sec. 1, 20 Pa.C.S.A. §2107. Hereafter, Act 303.

5. If the statute were so interpreted an interesting "equal protection" question would be presented since the effective date section would create two classes of illegitimates subject to differing treatment according to the time certain events occurred.

limiting the effect of the act to "wills or conveyances executed prior to" the effective date, it has no application because we are dealing here with an intestacy.

The case must therefore be governed by prior law—that in existence at the time of the death of the decedent whose estate is now before the court. Owen Hoffman, to repeat, died July 8, 1978, after Trimble and, of course, before November 26, 1978, the date of the above-mentioned amending legislation. At that time, Pennsylvania's prohibition against inheritance by an illegitimate from or through his father's estate was still nominally in place, though already declared unconstitutional, at the least, in a situation where the illegitimate had been declared the child of the decedent in a collateral court proceeding held while the father was living. Is the prior legislation similarly unconstitutional in a situation such as we have here? We must revert to Trimble again. Trimble held a total statutory prohibition to be invalid and by its language invited states to "choose a middle ground," recognizing a valid state interest in regulating both procedure and substantive law in the inheritance field. Until the invitation was accepted by the Pennsylvania legislature, as between a total prohibition and a case by case resolution of claims by illegitimates by or through the father, we must follow Trimble and Browning, and find the former unconstitutional, and the latter permissible.

Counsel for Ms. Welker has strongly urged that Trimble v. Gordon should not be applied retroactively "because it will wreak havoc with decedent's rights and create unjust claims of paternity." But application of Trimble to this case does not involve retroactivity. As noted above, the decedent whose estate is now being administered died on July 8,

1978. In applying Trimble here, then, we are applying the law in effect at that time, not retroactively.

As noted at the outset, we are concerned here only with the question of whether Mrs. DeLong shall be permitted to present evidence in support of her claim as an illegitimate child of decedent's brother. The claimant must be permitted to present her claim. In so doing, in order to prevail, she will be required to establish proof of her relationship by clear and convincing evidence. That is the present legislative measure of proof required. It is appropriate that the same measure of proof be judicially required in cases originating prior to the effective date of the amending legislation.

Upon the foregoing reasoning, we thus enter the following

## DECREE

And now, March 6, 1980, the claim of Ruth H. DeLong to be an heir of decedent is declared cognizable in this court, the merits of such claim to be determined at a hearing to be set.